1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

PATHLIGHT PROPERTY
MANAGEMENT,

                         Plaintiff,

        v.

KEITH LA WAYNE BATTLE,

                         Defendant.

CASE NO. 3:23-cv-06096-DGE

ORDER GRANTING MOTION TO
REMAND (DKT. NO. 5)

11
12
13
14
15
16
17
18
19
20
21
22
23
24

        Presently before the Court is Plaintiff's motion to remand this case to the Pierce County

Superior Court.  (Dkt. No. 5.)  On November 30, 2023, Defendant filed a Notice of Removal

with this Court.  (Dkt. No. 1.)  Plaintiff argues this case, a landlord-tenant dispute involving

unpaid rent, raises a number of federal questions, including violations of antitrust laws, 18

U.S.C. § 242, the Fourteenth Amendment to the United States Constitution, and Unfair,

Deceptive, or Abusive Acts or Practices under the Federal Trade Act.  (*Id.* at 1–2.)

1    Plaintiff argues there is no federal question presented in its complaint, and that

2    Defendant's presentation of certain federal statutory and constitutional defenses does not create

3    federal subject matter jurisdiction.  (Dkt. No. 5 at 2.)

4    District courts have federal question jurisdiction over "all civil actions that arise under

5    the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Defendant's stated

6    basis for removal appears to be 28 U.S.C. § 1441(a), which provides that "[e]xcept as otherwise

7    expressly provided by Act of Congress, any civil action brought in a State court of which the

8    district courts of the United States have original jurisdiction, may be removed by the defendant

9    or the defendants, to the district court of the United States for the district and division embracing

10   the place where such action is pending."

11   The presence or absence of federal-question jurisdiction is governed by the "well-pleaded

12   complaint rule," which provides that federal jurisdiction exists "only when a federal question is

13   presented on the face of the plaintiff's properly pleaded complaint."  *Provincial Gov't of*

14   *Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1091 (9th Cir. 2009).  "In determining the

15   existence of removal jurisdiction, based upon a federal question, the court must look to the

16   complaint as of the time the removal petition was filed."  *Abada v. Charles Schwab & Co.*, 300

17   F.3d 1112, 1117 (9th Cir. 2002) (italics omitted).

18   Based on the information presented in the removal notice, Plaintiff's complaint in the

19   Superior Court appears to be a landlord-tenant action for unpaid rent.  (Dkt. No. 1-2.)  No federal

20   question is presented on the face of Plaintiff's complaint.  To the extent Defendant presents

21   defenses and/or counterclaims, these cannot form the basis for federal jurisdiction. *Vaden v.*

22   *Discover Bank*, 556 U.S. 49, 60, (2009) (federal question jurisdiction cannot "rest upon an actual

23

24

or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court.")

Accordingly, the Court does not have subject matter jurisdiction over this case, and Plaintiff's motion to remand (Dkt. No. 5) is GRANTED.  This case shall be remanded to the Pierce County Superior Court.


Dated this 29th day of April, 2024.


David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO REMAND (DKT. NO. 5) - 3